IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REJEAN HOULE and JEAN HOULE,<br><br>                Plaintiffs,<br><br>    vs.<br><br>DON RIDING, Officer in Charge of the Fresno Sub-Office of United States Citizenship and Immigration Services, et al,<br><br>                Defendants. | CASE NO. CV-F-07-1266- LJO-GSA<br><br>**ORDER ON DEFENDANTS' MOTION TO DISMISS FOR LACK OF JURISDICTION**<br>(Docs. 6, 7) |

      Plaintiffs Rejean Houle and Jean Houle (collectively "Plaintiffs") seek to compel Defendants[1] to adjudicate Rejean Houle's I-485 Application to Adjust Status form ("I-485 application"). United States Citizenship and Immigration Services ("USCIS") moved to dismiss this action for lack of jurisdiction and failure to state a claim. USCIS contends that federal courts do not have jurisdiction to mandate the agency to adjudicate an I-485 application, because adjudication is within the sole discretion of the agency. USCIS contends further that any delay in adjudication of Rejean Houle's I-485 application is reasonable. Plaintiffs assert that this Court has jurisdiction over their claims pursuant 28

---

[1] Defendants are: Don Riding, Officer in Charge of the Fresno Sub-Office of the United States Citizenship and Immigration Services ("USCIS"), Emilio T. Gonazlez, Director of USCIS, Michael Chertoff, Secretary of the Department of Homeland Security, Robert S. Mueller, III, Director of the Federal Bureau of Investigation, Michael Mukasey, United States Attorney General, and USCIS. Michael Mukasey is substituted as the Attorney General, pursuant to Fed. R. Civ. P. 25(d).

1

U.S.C. §1331 and the Administrative Procedures Act ("APA") and the Mandamus Act. For the reasons outlined below, this Court denies Defendants' motion to dismiss.

**Background**

Rejean Houle, a citizen of Canada, is the father of Jean Houle, a United States Citizen. Rejean Houle has lived in the United States since approximately 1992, on a valid E-2 nonimmigrant Treaty Investor Visa.[2] In July 2006, Rejean Houle filed an I-485 application with USCIS, seeking to adjust his immigration status to legal permanent resident.[3] USCIS interviewed Rejean Houle in October 2006. Since October 2006, Rejean Houle's I-485 application remains pending due to incomplete FBI security checks.

Plaintiffs filed this action on August 31, 2007, claiming, *inter alia*, that USCIS violated 28 U.S.C. §1331 and the APA by unreasonably delaying the adjudication of the I-485 application. On November 8, 2007, USCIS filed this motion to dismiss. Plaintiffs opposed the motion on December 31, 2007. USCIS replied on January 8, 2008. The Court found this motion suitable for submission on the pleadings, vacated the January 14, 2007 hearing pursuant to Local Rule 78-230(h), and issues the following order.

**Discussion**

**A . Standards of Review**

**1.     Subject Matter Jurisdiction**

USCIS contends that this Court lacks jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1). In considering a motion to dismiss for lack of subject matter jurisdiction, the plaintiff, as the party seeking to invoke the court's jurisdiction, always bears the burden of establishing subject matter jurisdiction. The court presumes a lack of subject matter jurisdiction until the plaintiff proves otherwise. *See Kokkonen v. Guardian Life Ins. Co. of America*, 114 S.Ct. 1673, 1675 (1994).

---

[2] An E-2 Treaty Investor Visa entitles a non-immigrant alien to enter and remain the United States, pursuant to a treaty of commerce between the United States and the alien's country of origin, "solely to develop and direct the operations of an enterprise in which he has invested, or of an enterprise in which he is actively in the process of investing, a substantial amount of capital."

[3] That application was based on Rejean Houle's status as an "immediate relative" to his United States citizen son, Jean Houle.

2

The court must also consider whether the motion to dismiss is attacking subject matter jurisdiction solely on the basis of the allegations contained in the complaint (along with any undisputed facts in the record or of which the court can take judicial notice), or whether the motion questions the existence of subject matter jurisdiction based on extrinsic evidence. In the facial attack, the court must consider the allegations of the complaint as true, whereas in the factual attack, the court makes its own determination of the facts. *See DeLancie v. Birr, Wilson & Co.*, 648 F.2d 1255 (9th Cir. 1981); *Thornhill Publishing Company, Inc. v. General Telephone & Electronics Corp.,* 594 F.2d 730 (9th Cir. 1979).

### 2.    Failure to State a Claim

Federal Rule of Civil Procedure 12(b)(6) provides that a court may dismiss a complaint "for failure to state a claim upon which relief can be granted." In considering a motion to dismiss for failure to state a claim, the court must accept as true the allegations of the complaint in question, construe the pleading in the light most favorable to the party opposing the motion, and resolve all doubts in the pleader's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421, *reh'g denied*, 396 U.S. 869 (1969); *Hospital Bldg. Co. v. Trustees of Rex Hospital*, 425 U.S. 738, 740 (1976).

Although courts assume the facts alleged as true, courts do not "assume the truth of legal conclusions merely because they are cast in the form of factual allegations." *Western Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981). A dismissal under Fed. R. Civ. P. 12(b)(6) is proper when the complaint lacks sufficient facts to support a cognizable legal theory against a defendant. *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990). When ruling on a motion to dismiss, the court may consider facts alleged in the complaint, documents attached to the complaint, documents relied upon but not attached to the complaint when the authenticity is not contested, and documents subject to judicial notice. *See Cooper v. Pickett*, 137 F.3d 616, 623 (9th Cir. 1997).

**B.    Federal Jurisdiction Not Divested**

Congress added 8 U.S.C. §1252(a)(2)(B)(ii) to the Immigration and Nationality Act ("INA"), as part of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA"), to replace an affirmative grant of jurisdiction under a former statute and to "strip[] the federal courts of jurisdiction to review certain [USCIS] decisions." *Spencer Enters. v. United States*, 345 F.3d 683, 688

3

(9th Cir. 2003). 8 U.S.C. §1252(a)(2)(B)(ii) reads, in pertinent part:

> Notwithstanding any other provision of law (statutory or nonstatutory), including...[28 U.S.C. §1361]...no court shall have jurisdiction to review any other decision or action of the Attorney General or the Secretary of Homeland Security the authority for which is specified...to be in the discretion of the Attorney General or Secretary of Homeland Security.

USCIS argues that adjudication of an I-485 application is expressly committed to the discretion of the agency and, therefore, 8 U.S.C. §1252(a)(2)(B)(ii) precludes judicial review of Plaintiffs' claim. On the other hand, Plaintiffs argue that 8 U.S.C. §1252(a)(2)(B)(ii) applies only to USCIS' discretion whether to grant or deny an I-485 application, but does not apply to the non-discretionary act of adjudicating an I-485 application.

For 8 U.S.C. §1252(a)(2)(B)(ii) to divest this Court of jurisdiction, the discretionary authority must be specified in a statute. In analyzing the scope of 8 U.S.C. §1252(a)(2)(B)(ii), the Ninth Circuit ruled that the language of the statute "required that the discretionary authority be 'specified' under the INA" and that "jurisdiction was precluded not simply because the decision at issue was discretionary, but because that discretion was specific in, or pursuant to, the statute in question." *Spencer Enters. v. United States*, 345 F.3d 683, 689. The parties do not dispute that it is within the discretion of the administrative agency to either grant or deny an I-485 application.[4] Thus, pursuant to 8 U.S.C. §1252(a)(2)(B)(ii), this Court would lack jurisdiction to review a discretionary determination of an I-485 application. *See, Safadi v. Howard*, 466 F. Supp. 2d 696, 698 (E.D. Va. 2006) (This statute "means that courts are precluded from reviewing *any* discretionary decision or action of USCIS.") (emphasis in original).

Here, the question presented is whether this Court lacks jurisdiction to review USCIS' failure to adjudicate the application within a "reasonable" time period. USCIS emphasizes that there is no statute governing the pace of adjudicating an I-485 application. *See*, Mot. to Dismiss, 3:14-15

---

[4] Pursuant to Section 245 of the INA, 8 U.S.C. §1255 ("Section 245"), the Attorney General may adjust to permanent residence status certain aliens who have been admitted into the United States. Section 245(a) reads, in pertinent part:
> The status of an alien...may be adjusted by the Attorney General, in his discretion and under such regulations as she may prescribe, to that of an alien lawfully admitted for permanent residence if (1) the alien makes an application for such adjustment, (2) the alien is eligible to receive an immigrant visa and is admissible to the United States for permanent residence, and (3) an immigrant visa is immediately available to him at the time of his application.

4

("Significantly, [Section 245(a)] does not set forth any time frame in which a determination must be made whether to adjust an alien's status."); Reply, 3:17 ("Again, no statute or regulation specifies a time period within which USCIS must act."). Similarly, no statute or regulation exists which specifically authorizes USCIS to have sole discretionary authority over whether or not to adjudicate an I-485 application.[5] Because USCIS does not have discretionary authority specified by statute for these actions, 8 U.S.C. §1252(a)(2)(B)(ii) does not strip this Court of its jurisdiction to review Plaintiffs' claims.

Moreover, Plaintiffs' distinction between USCIS' discretionary decision of an application and the adjudication of an application is supported by case authority. "There is a difference between the [agency's] discretion over how to resolve an application and the [agency's] discretion over whether it resolves an application." *Singh v. Still*, 470 F. Supp. 2d 1064, 1067 (N.D. Cal. Jan. 8, 2007). "8 U.S.C. §1252(a)(2)(B) [does] not bar [federal court] review, because that statute applies only if there has been an actual discretionary decision either to grant or to deny the visa. The problem in these cases was that no decision of any kind had been rendered." *Ahmed v. Dept. of Homeland Security*, 328 F.3d 383, 387 (7th Cir. 2003). Therefore, 8 U.S.C. §1252(a)(2)(B)(ii) does not bar this Court's review of Plaintiffs' claims.

**C.   Subject Matter Jurisdiction**

While 8 U.S.C. §1252(a)(2)(B)(ii) does not bar this Court from determining Plaintiffs' claims, the Court must determine whether it has subject matter jurisdiction to do so. Plaintiffs contend that this Court has jurisdiction pursuant to 28 U.S.C. §1331 and the APA, and the Mandamus Act. No appellate court has ruled directly on the issues raised in this motion. In recent months, however, numerous district courts have addressed these issues, as discussed below.

On the question of jurisdiction, Ninth Circuit district courts are split.[6] Some courts find that

---

[5] Many provisions of the IIRIRA specify that particular decisions are within the sole or unreviewable discretion of the agency. E.g, 8 U.S.C. 1182(a)(9)(B)(v) (stating that the "Attorney General has the sole discretion to waive" a requirement); 8 U.S.C. 1226(e) ("The Attorney General's discretionary judgment regarding the application of this section shall not be subject to review."). The Ninth Circuit reasoned that as 8 U.S.C. §1252(a)(2)(B)(ii) is entitled "Denials of discretionary relief," "it applies primarily to forms of relief that are within the Attorney General's sole discretion to grant" and which authority is specified by statute. *Spencer Enters. v. United States*, 345 F.3d 683, 690 (9th Cir. 2003).

[6] For citations of decisions across the United States, *see Isryelyan v. Gonzales*, 2007 U.S. Dist. LEXIS 59035, *11-16 (C.D. Cal. June 21, 2007).

5

federal courts lack jurisdiction, under both the APA and the Mandamus Act, to review USCIS' failure to adjudicate an I-485 application within a "reasonable" time. *See, e.g.*, *Israyelyan v. Gonzalez*, 2007 U.S. Dist. LEXIS 59035 (C.D. Cal. June 21, 2007) (finding the court lacks jurisdiction because the pace of adjudication is discretionary and USCIS is proceeding with the claim reasonably); *Jiuru Hu v. Chertoff*, 2007 U.S. Dist. LEXIS 40489 (E.D. Cal. May 21, 2007) (ruling that the pace of adjudication is within the discretion of USCIS). Other courts decline to exercise jurisdiction, finding that the pace of adjudication was reasonable under the circumstances. *See, e.g. Sayyadinejad v. Chertoff*, 2007 U.S. Dist. LEXIS 92314 (S.D. Cal. Dec. 14, 2007) (declining to exercise jurisdiction because any delay in adjudicating the application was not due to inaction, but rather to the time required to resolve security concerns).

The majority of courts hold that federal court jurisdiction exists pursuant to both the APA and Mandamus Act. *See, e.g.*, *Konchitsky v. Chertoff*, 2007 U.S. Dist. LEXIS 53998 (N.D. Cal. July 13, 2007); *Hodjat v. Gonzalez, 2007 U.S. Dist. LEXIS 56045* (C.D. Cal. July 30, 2007); *Chen v. Chertoff*, 2007 U.S. Dist. LEXIS 64664 (W.D. Wash. Aug. 30, 2007); *Liu v. Chertoff*, 2007 U.S. Dist. LEXIS 65657 (D. Ore. Aug. 29, 2007); *Sun v. Gonzalez*, 2007 U.S. Dist. LEXIS 84459 (E.D. Wash. Nov. 15, 2007); *Wang v. Chertoff*, 2007 U.S. Dist. LEXIS 87419 (D. Ariz. Nov. 27, 2007).[7]

In *Liu v. Chertoff*, a court of this district concluded that subject matter jurisdiction existed to determine whether USCIS has acted within a reasonable time in adjudicating an I-485 application pursuant to both the APA and the Mandamus Act. U.S. Dist. LEXIS 50173, *15 (E.D. Cal. July 11, 2007). The *Liu* court determined that USCIS has a non-discretionary duty to adjudicate Plaintiffs' I-485 applications within a reasonable time. *Id.* In addition, the court denied USCIS' motion to dismiss for failure to state a claim, concluding that "the amount of time that is reasonable to adjudicate an I-485 application is a fact-specific inquiry, [thus] it is premature on a motion to dismiss to determine whether the delay is this matter is unreasonable as a matter of law." *Liu*, 2007 U.S. Dist. LEXIS 50173, *15. For the reasons discussed below, this Court agrees.

---

[7]Other courts have held that jurisdiction exists based on the APA only. *See, e.g., Saleh v. Ridge*, 367 F. Supp. 2d 508, 511 (S.D. N.Y. 2005) (concluding the court lacked jurisdiction to compel agency action by writ of mandamus but finding that it did have jurisdiction pursuant to 28 U.S.C. §1331 and the APA since plaintiff's application was pending for at least five years by the time the complaint was filed).

6

**D.   Administrative Procedures Act**

Pursuant to the APA, and "with due regard for the convenience and necessity of the parties or their representatives and within a reasonable time, each agency shall proceed to conclude a matter presented to it." 5 U.S.C. § 555(b). *See also,* 5 U.S.C. § 706(1*)* (providing that courts shall "compel agency action unlawfully withheld or unreasonably delayed"). To invoke jurisdiction under these statutes, Plaintiffs must show that: (1) an agency had a nondiscretionary duty to act and (2) the agency unreasonably delayed action on that duty. *Norton V. S. Utah Wilderness Alliance*, 542 U.S. 55, 63-64 (2004). However, a party is not entitled to judicial review under the APA if the action in question is discretionary. 5 U.S.C. § 701(a)(2).

The APA alone does not provide an independent basis for subject matter jurisdiction. *Califano v. Sanders*, 430 U.S. 99, 107 (1977). Jurisdiction is present when the APA is combined with 28 U.S.C. §1331, which provides: "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws or treaties of the United States." In order to have subject matter jurisdiction pursuant to 28 U.S.C. §1331: (1) the claim must turn on an interpretation of the laws or Constitution of the United States; and (2) the claim must not be one that is "patently without merit." *Bell v. Hood*, 327 U.S. 678, 682-84 (1946).

**1.   Non-Discretionary Duty to Act**

USCIS has a non-discretionary duty to process Rejean Houle's I-485 application. Although USCIS argues that it has sole discretion to determine the entire adjudication process, including whether to adjudicate an I-485 application, USCIS concedes that Plaintiffs have a right to have the I-485 application adjudicated. Reply, 4:8-9 ("The governing statute for adjustment of status...provides a *right to an adjudication* of the adjustment application.") (emphasis added). USCIS conceded previously, in at least two other cases, that it has a non-discretionary duty to act on the I-485 application. *See*, *Gelfer v. Chertoff*, 2007 U.S. Dist. LEXIS 26466 (N.D. Cal. 2007); *Singh v. Still*, 470 F. Supp. 2d 1064 (N.D. Cal. 2007); *see also*, *Liu*, 2007 U.S. Dist. LEXIS 50173, *15 (noting that USCIS concedes it has a non-discretionary duty to act). This Court agrees that USCIS does not have unfettered discretion to decide whether or not to act on an I-485 application filed properly. Therefore, USCIS has a non-discretionary duty to act.

**2.     Unreasonable delay**

USCIS argues that, even if it has a nondiscretionary duty to act, Plaintiffs must prove unreasonable delay. USCIS argues there is no unreasonable delay because: (1) the pace of adjudication is within the sole discretion of USCIS; (2) there are no "meaningful standards" by which to determine whether a delay is unreasonable; and (3) USCIS has acted within a reasonable time. Plaintiffs counter that: (1) Congress must be explicit when an agency should not be subject to the APA's reasonableness standard; (2) there are procedural time limits in the regulations which are reasonable to follow; and (3) USCIS' arguments raise issues related to the merits of Plaintiffs' claims, not a jurisdictional challenge.

**A.     APA Applies to Non-Discretionary Adjudication**

As noted above, the parties do not dispute that the INA is silent about the time period for which an I-485 application should be adjudicated. USCIS argues that because the statute is silent, the pace of adjudicating an I-485 application is within the sole discretion of USCIS and is therefore exempt from the APA. Plaintiffs argue that the APA applies to USCIS' pace of adjudication the I-485 application, because Congress did not did not explicitly exempt USCIS from the APA standard.

Statutory silence does not deny an aggrieved person relief from the federal courts. Congress enacted the APA to allow an aggrieved person access to the federal courts when agency action has been unreasonably delayed when, as here, no statute defines the pace of adjudication. In *Reno v. Catholic Soc. Servs.*, 509 U.S. 43, 56-58 (1993), the Supreme Court reiterated that it

> customarily refuses to treat silence as a denial of authority to [an] aggrieved person to seek appropriate relief in the federal courts, and this custom has been reinforced by the enactment of the [APA] which embodies the basic presumption of judicial review to one suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action (internal quotations and citations omitted).

USCIS concedes the APA standard applies when it states, "[N]o statute or regulation specifies a time period within which USCIS must act. Thus, the only governing time limit appears to be the APA's directive that agencies resolve matters presented to them within a reasonable time. *See* 5 U.S.C. 555(b)." Reply, 3:17-19.

Notwithstanding this concession, USCIS argues that it should be exempt from the APA because it has wide discretion to act in agency decisions. Although USCIS may have wide discretion to make

8

agency decisions, USCIS does not provide evidence that Congress intended USCIS to be exempt from the APA in the pace of I-485 application adjudication. There is a "strong presumption that Congress intends judicial review of administrative action." *Helgeson v. Bureau of Indian Affairs*, 153 F.3d 1000, 1003 (9th Cir. 1998) (quoting *Traynor v. Turnage*, 485 U.S. 535, 542 (1988)). To overcome this presumption, there would need to be "clear and convincing evidence of a contrary congressional intent." *Helgeson*, 153 F.3d 1000, 1003 (quoting *Board of Governors Fed. Reserve Sys. v. Mcorp Fin. Inc.*, 502 U.S. 32, 44 (1991)). USCIS does not provide clear and convincing evidence that Congress intended that federal courts lack jurisdiction to review the agency's inaction in adjudicating an I-485 application. Accordingly, USCIS is not exempt from the APA standard of review.

### B. Meaningful Standard

USCIS argues that the APA does not entitle Plaintiffs to judicial review, because there are no "meaningful standards" to determine a "reasonable" pace of adjudicating an I-485 application. USCIS concludes that because no statutory or regulatory provisions provide a finite time period for the adjudication of an I-485 application, the court would "have to create a temporal standard out of whole cloth." Plaintiffs argue that time frames within the applicable statutes and regulations provide this Court meaningful standards to consider in its review.

USCIS relies on *Heckler v. Chaney*, 470 U.S. 821 (1985), in which the Supreme Court interpreted 5 U.S.C. §701(a)(2) to mean that administrative agency decisions are not reviewable in the "rare instances where statutes are drawn in such broad terms that in a given case there is no law to apply" and thus there is no "meaningful standard against which to judge the agency's exercise of discretion." In a similar immigration context, however, the Ninth Circuit found that the *Heckler* "meaningful standard" did not bar review. *Socop-Gonzalez v. INS*, 208 F.3d 838 (9th Cir. 2000). "Unless jurisdiction is withdrawn from the federal courts by statute, we have traditionally reviewed most agency decisions in immigration cases, included those committed to the executive branch's discretion." *Id.* at 844.

The *Heckler* holding does not bar judicial review when an agency's regulations or general policy provide the Court with standards to apply. *Socop-Gonzalez*, 208 F.3d 838, 844. Plaintiffs contend that applicable statutes, regulations, and policies exist to guide this Court. For example, 8 U.S.C. §1571(b) advises: "It is the sense of Congress that the processing of an immigration benefit application should be

9

completed not later than 180 days after the initial filing of the application." Further, a regulation governing adjudication of an I-485 application requires: "If an investigation has been undertaken and has not been completed within one year of its inception, the district director shall review the matter and determine whether adjudication of the petition or application should be held in abeyance for six months." 8 C.F.R. § 103.2(6)(18). Therefore, this Court has meaningful standards to determine whether the agency action was unreasonably delayed.[8]

Morever, USCIS has not yet exercised a discretionary action for this Court to review. The *Heckler* holding applies to judicial review of discretionary agency decisions. 470 U.S. 821, 830 (administrative agency *decisions committed to agency discretion* are not reviewable in rare instances) (emphasis added). Plaintiffs seek review of USCIS' alleged inaction, not review of a discretionary decision. Accordingly, the *Heckler* standard is inapplicable.

### C. Reasonableness is not a Jurisdictional Question

USCIS argues that the delay in adjudication of Rejean Houle's I-485 application is reasonable. However, whether the delay is reasonable is a question of fact which must be determined by this Court after consideration of the merits of Plaintiffs' claims. It is not a jurisdictional question. *Ahmed*, 328 F.3d 383, 387 ("A conclusion that any one of those prerequisites [of the APA, including reasonableness] is missing should lead [a] district court to deny the petition, not because it now realizes that it had no power to be thinking about the case in the first place, but because it had not demonstrated an entitlement to this form of extraordinary relief.").

Although Plaintiffs bear the burden of proving jurisdiction, they are not held to a heightened pleading standard and need not prove every element of their claim to survive a jurisdictional challenge. "Jurisdictional dismissals in cases premised on federal-question jurisdiction are exceptional, and must satisfy the requirements specified in *Bell v. Hood*, 327 U.S. 678 (1946)." *Safe Air v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004) (jurisdictional dismissals are warranted "where the alleged claim under the constitution or federal statute clearly appears to be immaterial and made solely for the purpose of

---

[8] This Court may also consider the TRAC factors to determine whether agency action was unreasonably delayed. "The APA provides that a court may compel 'agency action unlawfully withheld or unreasonably delayed.' We look to the so-called *TRAC* factors in assessing whether relief under the APA is appropriate." *Independence Mining Co.*, 105 F.3d 502, 507. Thus, additional meaningful standards exist.

10

obtaining federal jurisdiction or where such claim is wholly insubstantial and frivolous."). "When a statute provides the basis for both the subject matter jurisdiction of the federal court and the plaintiffs' substantive claim for relief, a motion to dismiss for lack of subject matter jurisdiction rather than for failure to state a claim is proper only when the allegations of the complaint are frivolous." *Thornhill Publ'g Co. v. Gen. Tel. Co.*, 594 F.2d 730, 734 (9th Cir. 1979).

Here, 28 U.S.C. §1331 and the APA provide the both basis for the subject matter jurisdiction and Plaintiffs' substantive claim for relief. The allegations of the complaint are not frivolous as USCIS admits that it has not adjudicated Rejean Houle's I-485 application. Because the claims are not frivolous, a finding that this Court lacks jurisdiction is improper. Accordingly, this Court denies USCIS' motion to dismiss for lack of jurisdiction.[9]

### E.   **Failure to State a Claim**

USCIS moved to dismiss this action for "lack of jurisdiction" pursuant to Fed. R. Civ. P. 12(b)(1) and Fed. R. Civ. P. 12(b)(6). Fed. R. Civ. P. 12(b)(6) provides that a court may dismiss a complaint "for failure to state a claim upon which relief can be granted." In its motion, USCIS does not separate its arguments according to the differing standards of the two federal rules.

Taken in a light most favorable to Plaintiffs, this Court finds that Plaintiffs have stated a cognizable cause of action. Plaintiffs assert that they filed the I-485 application in July 2006 and USCIS has failed to adjudicate that application. As discussed above, Plaintiffs asserted that they are entitled to a non-discretionary action. Plaintiffs assert further that USCIS has unreasonably delayed that action. Although USCIS argues the delay in adjudication is reasonable, "[w]hat constitutes an unreasonable delay in the context immigration depends to a great extent on the facts of the particular case." *Yu v. Brown*, 36 F. Supp. 2d 922, 934 (D. N.M. 1999). At this early stage of litigation, it is premature to determine whether the delay is unreasonable under the circumstances.

///

///

---

[9] In light of the similarities between the APA and the Mandamus Act, and because this Court finds jurisdiction pursuant to 28 U.S.C. §1331 and the APA, this order need not address Plaintiffs' Mandamus Act claim. *See Independence Mining Co. v. Babbitt*, 105 F.3d 502, 507 (9th Cir. 1997).

**Conclusion**

For the foregoing reasons, this Court:

    1.    DENIES USCIS' motion to dismiss for lack of jurisdiction;

    2.    DENIES USCIS' motion to dismiss for failure to state a claim; and

    3.    DIRECTS USCIS to answer Plaintiffs' complaint within 60 days from the date this order is filed.

IT IS SO ORDERED.

Dated:    January 25, 2008          /s/ Lawrence J. O'Neill
                                         UNITED STATES DISTRICT JUDGE